UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-81226-CIV-Marra/Matthewman

RANGER CONSTRUCTION INDUSTRIES, INC.,

    Plaintiff,

vs.

ALLIED WORLD NATIONAL ASSURANCE COMPANY,

    Defendant.

_____/

FILED by _____ D.C.
APR 0 6 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER [DE 21] AND PLAINTIFF'S MOTION TO COMPEL [DE 29]

**THIS CAUSE** is before the Court upon Defendant, Allied World National Assurance Company's ("Defendant") Motion for Protective Order [DE 21] and Plaintiff, Ranger Construction Industries, Inc.'s ("Plaintiff") Motion to Compel [DE 29]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 19. Plaintiff filed a response to Defendant's Motion [DE 23], and Defendant filed a reply [DE 25]. The Court held a hearing on the motions on March 20, 2018.

### I.    BACKGROUND

The procedural posture of this case is as follows. On December 15, 2017, Plaintiff filed an Amended Complaint alleging breach of contract (Count I), declaratory relief (Count II), and bad faith (Count III). Defendant filed its Motion for Protective Order [DE 21] on February 22, 2018. This motion was filed by Defendant after Defendant had objected to every single

1

interrogatory and request for production. Defendant produced no documents and did not answer one interrogatory.

On March 14, 2018, United States District Judge Kenneth A. Marra entered an Order Denying Defendant's Motion to Dismiss [DE 28]. Accordingly, all three counts remain pending. Plaintiff's counsel attempted to confer with Defendant's counsel regarding discovery after the Order Denying Motion to Dismiss was entered, but Defendant's counsel would not change Defendant's position, and Defendant continued to refuse to respond to any discovery.

On March 16, 2018, Plaintiff filed its Motion to Compel [DE 29], which is, in effect, the flip side of Defendant's Motion for Protective Order, as Plaintiff seeks to compel the discovery that Defendant seeks to prevent via its Motion for Protective Order. On March 19, 2018, Defendant filed a Motion to Abate Count III of Ranger's Amended Complaint [DE 31]. In that motion to abate, which remains pending, Defendant argues that the bad faith claim (Count III) asserted by Plaintiff in its Amended Complaint should be abated. *Id.*

## II. ANALYSIS

The discovery requests propounded by Plaintiff pertain to all three counts of the Amended Complaint. At the discovery hearing, counsel for Defendant acknowledged that some discovery sought in Plaintiff's discovery requests is relevant to Counts I and II of the Amended Complaint. Counsel also acknowledged that information and documents responsive to such requests had not yet been produced. However, Defendant stands on a broad assertion of work product privilege and argues that everything in its claims file is immune from discovery.

### A. ATTORNEY'S FEES AND COSTS

The Court is disappointed with Defendant's position, which it maintained up until the March 20, 2018 hearing, that it need not produce any discovery whatsoever. At a minimum,

Defendant should have produced any and all discovery it was not objecting to rather than refusing to produce any discovery at all merely because it had objections to certain bad faith discovery. Further, Defendant should have promptly re-evaluated and changed its position regarding its complete refusal to produce any discovery whatsoever after Judge Marra issued his Order Denying Motion to Dismiss. Plaintiff argues that it is entitled to attorney's fees and costs under Federal Rule of Civil Procedure 37 due to Defendant's failure to produce discovery as required by the rules and Defendant's unwillingness to confer in good faith. The Court is seriously considering awarding costs and fees to be paid by Defendant and its counsel to Plaintiff because of this conduct. However, the Court will reserve ruling on sanctions or cost-shifting under Federal Rule of Civil Procedure 37 at this time. The Court will enter an order on Plaintiff's request for attorney's fees and costs at a later date.

The Court will now address some of the pending discovery issues in this case.

B. CLAIMS FILE DISCOVERY

Given the procedural posture of this case, the Court finds that it would potentially be contrary to the case law to require Defendant to respond to discovery requests that are solely relevant to Plaintiff's bad faith cause of action (Count III) while Defendant's motion to abate the bad faith count (Count III) is pending. The Court will not order Defendant to produce any discovery which relates solely to the bad faith cause of action (Count III) while the motion to abate Court III is pending. However, the Court finds that Defendant is clearly required to respond to the discovery requests that are relevant to Counts I and/or Count II (even if they are also relevant to Count III).

In this diversity action involving three counts for (1) breach of contract of an insurance policy, (2) declaratory relief, and (3) bad faith, Defendant takes the position that Defendant's

3

claim-handling materials are considered work product under Florida law and are not discoverable even if the materials are relevant and responsive to the breach of contract and/or declaratory relief counts. Defendant's position is that, since the state court judgment underlying the bad faith claim is currently on appeal, there is currently no ripe cause of action for bad faith, and, therefore, the Court cannot order production of any claims handling materials, even if those materials are relevant to Counts I and II.

The Court rejects Defendant's position. First, even though this is a diversity action, federal law governs work product assertions. Thus, Federal Rule of Civil Procedure 26(b)(3) controls. *Stern v. O'Quinn*, 253 F.R.D. 663, 674 (S.D. Fla. 2008); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 700 (S.D. Fla. 2007).

Second, Defendant has overlooked *Commercial Long Trading Corp. v. Scottsdale Ins. Co.*, No. 12-22787-CIV, 2012 WL 6850675 (S.D. Fla. Dec. 26, 2012), which succinctly lays out the applicable federal law relating to claims of work product. In that case, the Honorable Jonathan Goodman, United States Magistrate Judge, stated the following:

> Although it has not filed a privilege log, Scottsdale argues that its entire claim file is off-limits and, with the two obvious exceptions mentioned above, cannot be compelled in discovery.
>
> Scottsdale is incorrect and has not even come close to meeting its burden of establishing privilege.
>
> Theoretically, it is perhaps *conceivable* that every single document and thing in Scottsdale's claim file is protected by either the attorney-client privilege, the work product doctrine, or both. But Scottsdale cannot maintain its position of refusing to produce otherwise responsive documents by merely *saying* that its entire claim file is not subject to discovery.

*Id.* at *3. Courts in this District do not preclude production of every single claims file document just because there is not a ripe bad faith claim pending. Therefore, Defendant is not able to simply

lodge the general objection that documents are "claims file materials" and wholly refuse to produce the documents from the claims file that are relevant to Counts I and II.

Defendant's carte blanche argument that its claims file is absolutely sacrosanct in this case is belied by the case law—even the federal cases cited by Defendant. For example, in its Motion for Protective Order, Defendant cites *Ayala v. Am. Sec. Ins. Co.*, No. 09-80053-CIV, 2009 WL 1873645, at *1 (S.D. Fla. June 30, 2009), for the proposition that Florida and federal law holds that an insurer's claim file constitutes work product and will be protected from discovery prior to the accrual of a bad faith cause of action. [DE 21 at p. 2]. But, in *Ayala*, the Court noted that the defendant's objection to producing it claims file "goes to only a portion of the claims file." *Ayala*, 2009 WL 1873645, at *1. This would seem to indicate that, in *Ayala*, a portion of the claims file was discoverable. Further, the court ordered that the defendant must produce "the entire claims file prior to January 2007 not protected by attorney-client privilege." *Id.* The *Ayala* court also ordered the defendant to produce a privilege log, something which Defendant has argued it simply does not need to do in this case because the entire claims file is immune from discovery.

In *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 701 (S.D. Fla. 2007), a case in which only a breach of contract claim was currently pending because the bad faith claim had been found to be premature, the court found that "a hard and fast rule in either direction" regarding claims file materials "would frustrate the various goals of modern discovery practice, so courts tend to examine the particular facts of each case." The Court did, however, find it appropriate to apply rebuttable presumptions "that documents or things prepared before the final decision on an insured's claim are not work product, and that documents produced after claims denial are work product." *Id.* The *Milinazzo* rebuttable presumption is a very logical and common sense approach to claims file discovery.

5

The Court acknowledges that there are state cases in Florida that apply a black and white rule that claims file materials are not discoverable when no bad faith claim has yet accrued. *See, e.g. State Farm Mut. Auto. Ins. Co. v. Cook*, 744 So.2d 567 (Fla. 1999). However, in *Mobley v. Capitol Specialty Ins.*, No. 13-20636-CIV, 2013 WL 3794058, at *4 (S.D. Fla. July 19, 2013), the court explained that "under federal law, there is no blanket protection of an insurance company's claim file." (citing *The Atrium on the Ocean II Condo. Ass'n v. QBE Ins. Corp.*, No. 06-143269-CIV, 2007 WL 2972937 at *2 (S.D.Fla.2007)). Moreover, "evidence geared solely to support a bad faith claim is premature and not discoverable, as arguments related to bad faith liability under Fla. Stat. 624.155 are premature until the coverage issue is resolved." *Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2645680 at *2 (S.D. Fla. June 26, 2008). However, "if evidence is relevant to the bad faith claim, and is *also* relevant to the underlying coverage claim, then that evidence is discoverable." *Id.*

Taking into consideration all of the above case law, the Court finds that Defendant is not permitted to simply assert a blanket objection that no claims files materials may be produced at this juncture in the case. In federal court, where Defendant finds itself, the analysis is much more nuanced than that, and, at a minimum, claims file documents created before the underlying claim was denied should be produced if relevant to Counts I and II. Defendant has failed to meet its burden to establish that the entire claims file is subject to the work-product privilege.

C. <u>REQUIREMENTS REGARDING DISCOVERY PROCESS</u>

Defendant shall comply with the spirit and letter of the rules governing discovery throughout the remainder of this case. The Court intends that discovery shall proceed expeditiously and professionally in this case. To that end, the Court advises all parties and their counsel as follows. First, boilerplate objections and generalized responses are improper. *See*

6

*Alvar v. No Pressure Roof Cleaning, LLC*, No. 17-80725-CV, 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *1 (S.D. Fla. Mar. 6, 2017). Second, any claims of privilege must be specific, and a privilege log must be prepared when required. *Id.* Third, the Court expects good faith personal conferral among counsel as to all discovery disputes and objections as required by the Order Setting Discovery Procedure [DE 20]. The parties' counsel shall personally confer in good faith as to all discovery disputes and shall not lodge boilerplate or overly broad objections to discovery as Defendant did in this case.

### D. PRIVILEGE LOG

As per the relevant case law, much of which is cited above, Defendant is required to create and produce a privilege log with regard to claims file materials that were created during the period from the denial of the underlying claim to the filing of this lawsuit that are responsive and relevant to discovery requests pertaining to Counts I and II. *See Commercial Long Trading Corp.*, 2012 WL 6850675, at *3 (Because the mere assertion of a privilege, unaccompanied by a privilege log or affidavit or other supporting material, is insufficient to meet the burden imposed on a party claiming privilege, Scottsdale's arguments are inadequate to immunize the documents and other materials in its claim file.). The Court agrees with Defendant that work product material created after commencement of this action need not be included in a privilege log. *See* S.D. Fla. L. R. 26.1(e)(2)(C).

### III. CONCLUSION

Upon careful review of the motions, response, reply, counsel's arguments at the discovery hearing, applicable case law, and the entire docket in this case, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Protective Order [DE 21] is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion to Compel [DE 29] is **GRANTED IN PART AND DENIED IN PART**.

2. Within seven (7) days of the date of this Order, counsel for both parties shall confer in good faith over the telephone or in person regarding Plaintiff's discovery requests. Counsel for both parties shall try to reach an agreement as to the best procedure for Defendant to respond to the discovery requests that are relevant to Counts I and II, yet also preserve its objections to the discovery requests that are <u>exclusively</u> relevant to Count III.

3. Within fourteen (14) days of the date of this Order, Defendant shall file a supplemental response to Plaintiff's interrogatories and requests for production consistent with the above analysis. Defendant shall fully and completely respond to the interrogatories and requests for production that are relevant to Counts I and/or Count II regardless of whether they may also be relevant to Count III. Defendant may assert specific objections to the discovery requests that are relevant <u>solely</u> to Count III. Finally, Defendant is required to produce a privilege log consistent with the Court's analysis above.

4. The Court is willing to revisit the issues discussed in this Order as the procedural posture of this case changes once the motion to abate is ruled upon.

5. The Court reserves jurisdiction to award attorney's fees and costs in favor of Plaintiff and against Defendant and Defendant's counsel.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of April, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge