UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-81226-CIV-Marra/Matthewman

RANGER CONSTRUCTION INDUSTRIES, INC.,

    Plaintiff,

vs.

ALLIED WORLD NATIONAL ASSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL [DE 57]

**THIS CAUSE** is before the Court upon Plaintiff, Ranger Construction Industries, Inc.'s ("Plaintiff") Motion to Compel [DE 57]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 19. Defendant, Allied World National Assurance Company ("Defendant"), filed a response to the Motion [DE 58], and Plaintiff filed a reply [DE 60]. The Court held a hearing on the Motion on June 12, 2018. This matter is now ripe for review.

### I.    BACKGROUND

In the Amended Complaint [DE 12], Plaintiff alleged breach of contract, declaratory relief, and bad faith against Defendant. On April 6, 2018, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion for Protective Order [DE 21] and Plaintiff's Motion to Compel [DE 29]. *See* DE 46. The Court ruled that Defendant was required to respond to

1

Plaintiff's discovery requests that were relevant to the breach of contract and declaratory relief counts (even if they were also relevant to the bad faith count). *Id.* The Court also explained that Defendant could not simply assert a blanket objection that no claims file material may be produced at this juncture. *Id.* Finally, the Court required that Defendant follow all of the general discovery rules and that Defendant create and produce a privilege log. *Id.*

On April 20, 2018, the Honorable Kenneth A. Marra, United States District Judge, entered an Order Granting Defendant's Motion to Abate Count III of the Amended Complaint (bad faith) [DE 54].

In Plaintiff's Motion, Plaintiff argues that Defendant's supplemental discovery responses and privilege log are still insufficient as several discovery requests seek information that is relevant to the breach of contract and declaratory relief counts. [DE 57]. Plaintiff is specifically seeking production of additional documents, including the following: 1) claims handling notes and internal communications, 2) jury evaluation reports, 3) mock trial results, 4) mediation statements, 5) inter-office email correspondence regarding settlement and settlement demands, 6) the underwriting file, 7) loss reserves information, 8) reinsurance information, 9) manuals and guidelines relating to handling of punitive damages and escalation of large loss claims, 10) document retention and litigation hold practices, and 11) information about prior claims, including lawsuits, in Florida concerning how Defendant has determined whether there is coverage for punitive damages. [DEs 57, 60]. Plaintiff is also seeking a more descriptive privilege log. *Id.*

In response, Defendant contends that, in order to establish that several discovery requests are relevant to Counts I and II, and not just Count III, Plaintiff is inventing contractual duties for Defendant that do not appear in the insurance policy to 1) initiate settlement discussions and 2)

2

accept reasonable settlement offers. [DE 58]. Defendant points out those duties are actually part of Florida's common law duty of good faith and that bad faith is not currently at issue in this case. *Id.* Defendant also asserts that Plaintiff's argument that various other documents are relevant to Defendant's understanding of coverage is without merit. *Id.* Defendant points out that Florida law provides that an insurer's beliefs and conduct are irrelevant to the determination of coverage under an insurance policy. *Id.*

## II. ANALYSIS

The Court has carefully considered the arguments of the parties' counsel and the pertinent case law cited by the parties' counsel and finds that the additional information and documents sought by Plaintiff are not relevant and proportional to Plaintiff's breach of contract or declaratory relief claims pursuant to Federal Rule of Civil Procedure 26(b)(1). The information and documents sought appear to be solely relevant to Plaintiff's bad faith claim, which has been abated. The Court will not allow discovery which is solely relevant to an abated count to proceed while that count remains abated. This is because Rule 26(b)(1) is tethered to pending claims and defenses.

Although Plaintiff did allege in the Amended Complaint that "AWAC failed to cooperate in the settlement of the Astaphan suit, including failure to initiate settlement discussions before and after the Astaphan verdict and refusing to accept reasonable settlement offers in breach of the AWAC policy" [DE 12, p. 9, ¶67], those allegations are made within the confines of the breach of contract and declaratory judgment counts [DE 12, p. 12, ¶85]. The mere fact that Plaintiff included these allegations in the breach of contract and declaratory judgment counts of the Amended Complaint, when such allegations are not elements of those counts, does not make

whole categories of documents which are solely relevant to the abated bad faith count relevant at this juncture.

The actual insurance policy language at issue simply states the following:

> The company shall have the right, but not the duty, to assume charge of the investigation, settlement or defense of any claim made, suit brought, or proceeding instituted against any insured upon exhaustion of the applicable underlying limits. If the company exercises such right, it will not investigate, settle or defend any claim, suit or proceeding after it has exhausted the applicable Limit Of Insurance of this policy as stated in Item 4. of the Declarations. If the company does not exercise such right, or if the applicable underlying limits are not exhausted, the company will have the right, and will be given the opportunity, to associate effectively with the insured or any underlying insurer, or both, in the investigation, settlement or defense of any claim, suit or proceeding that is likely to involve this policy. In such event, the insured, the underlying insurer, and the company shall cooperate in the investigation settlement or defense of such claim, suit or proceeding.

[DE 1-8, Section IIA]. Defendant's duty to cooperate as stated in the insurance policy provision does not seem to explicitly require that Defendant initiate settlement discussions or accept reasonable settlement offers.

The Court agrees with Defendant that the language used in the allegations of the Amended Complaint is the general language that Florida courts have used when describing insurance companies' common law duty of good faith. *See, i.e., Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980). Therefore, the Court will not require Defendant to produce documents relevant to Defendant's alleged failure to initiate settlement discussions before and after the Astaphan verdict and alleged refusal to accept reasonable settlement offers at this juncture because such documents are truly only relevant to the bad faith count, which has been abated. Simply including bad faith language in other counts of the Amended Complaint for breach of contract and declaratory relief does not entitle Plaintiff to bad faith discovery.

4

Plaintiff also argues that several categories of documents are relevant to show Defendant's intent regarding Defendant's refusal to initiate settlement negotiations, to accept reasonable settlement amounts, to cover punitive damages, and to cover the entire bond amount. However, it is clear that an insurance company's intent, conduct, and beliefs are not to be considered under Florida law when interpreting whether the insurance company has breached the insurance policy. The Florida Supreme Court has declined to adopt the "doctrine of reasonable expectations. There is no need for it if the policy provisions are ambiguous because in Florida ambiguities are construed against the insurer. To apply the doctrine to an unambiguous provision would be to rewrite the contract and the basis upon which the premiums are charged." *Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1140 (Fla. 1998). Further, under Florida law, "a reasonable belief contrary to the plain meaning of policy text—or even to unclear text capable of being fairly read to provide coverage—is irrelevant to construction of the policy." *Lenhart v. Federated Nat. Ins. Co.*, 950 So. 2d 454, 461 (Fla. 4th DCA 2007).

Courts in the Southern District of Florida have similarly found that, "[i]f the relevant policy language is clear and unambiguous, the court must infer the parties' intent from its plain language, not from extrinsic evidence." *Office Depot, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 734 F. Supp. 2d 1304, 1315 (S.D. Fla. 2010), *aff'd sub nom. Office Depot, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 453 F. App'x 871 (11th Cir. 2011). Moreover, "[u]nder Florida law, the interpretation of an insurance policy is a question of law for the court." *Id.* (citing *Technical Coating Applicators, Inc. v. U.S. Fidelity & Guaranty Co.*, 157 F.3d 843 (11th Cir. 1998)). Therefore, the Court finds that the documents sought by Defendant that pertain to Defendant's intent, belief, and/or conduct in the underlying Astaphan lawsuit are not relevant to the pending

5

claims for breach of contract and declaratory judgment and should not be ordered to be produced.

The Court's findings above, however, are without prejudice to Plaintiff's ability to file a motion to compel such bad faith discovery at a later date if the bad faith count is reinstated or the parties' claims or defenses change in such a way that makes the discovery sought relevant. Because the Court finds that the documents sought are not relevant at this juncture, there is no need to consider Plaintiff's argument about the sufficiency of Defendant's privilege log at this time. Moreover, there is no need to determine the date on which Defendant anticipated litigation.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel [DE 57] is **DENIED WITHOUT PREJUDICE** to Plaintiff's ability to file a renewed motion to compel at a later date if the bad faith count is reinstated or the parties' claims or defenses change in such a manner that makes the discovery sought relevant.

2. Plaintiff's request for the imposition of Rule 37 sanctions against Defendant is **DENIED.**

3. As discussed at the June 12, 2018 hearing, Defendant is required to ensure that it has produced all of the relevant shadow files, texts messages, and calendar entries requested by Plaintiff. Once Defendant has determined whether all of these items have been produced or listed on the privilege log, Defendant's counsel shall promptly notify Plaintiff's counsel.

**DONE and ORDERED** in Chambers this 15th day of June, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*William Matthewman*

---
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE