UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81226-CIV-MARRA/MATTHEWMAN

RANGER CONSTRUCTION INDUSTRIES, INC.,

Plaintiff,

vs.

ALLIED WORLD NATIONAL ASSURANCE
COMPANY,

Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]**

     This cause is before the Court upon Defendant's Motion for Summary Judgment (DE

241).  The Motion is fully briefed and ripe for review.   The Court held oral argument on June 5,

2019.  The Court has carefully considered the Motion and is otherwise fully advised in the

premises.

I. Background

     The facts, as culled from affidavits, exhibits, depositions, answers, answers to

interrogatories and reasonably inferred therefrom in a light most favorable to the non-moving

party, for the purpose of this motions, are as follows:

---

[1] The Court has decided to address only the parties' arguments regarding the breach of
contract claim, and to reserve on the arguments surrounding coverage of punitive damages.  At
oral argument, the parties agreed that the latter issue could be decided as a matter of law and
would not need to be tried, whereas the breach of contract claim would require a trial if the Court
denied Defendant's motion for summary judgment. Given the impending trial date, the Court
wanted to issue a ruling as soon as possible on the breach of contract claim to avoid having the
parties expend unnecessary resources to prepare for trial.  For the foregoing reasons, the Court
grants Defendant's motion for summary judgment on the breach of contract claim and reserves
summary judgment with respect to the arguments pertaining to punitive damages.

On June 3, 2015, Defendant Allied World National Assurance Company ("Defendant") issued an excess liability insurance policy to Plaintiff Ranger Construction Industries, Inc. ("Plaintiff"), bearing policy number 0305-4178, that provided liability coverage in the amount of $25,000,000.00 per occurrence. (Policy, Ex. A, DE 91-1.)

On or about March 5, 2017, Jennifer Astaphan, as Personal Representative of the Estate of Jonathan R. Astaphan, filed her Revised Second Amended Complaint against Plaintiff and multiple other defendants in relation to a fatal traffic accident occurring on May 28, 2015. (DE 12-3.) Between October 2, 2017 and October 26, 2017, the underlying matter was tried. (DE 74-11.)

The Amended Complaint brings a count for breach of contract (count one) and declaratory relief (count two). As part of its breach of contract claim, Plaintiff alleges that Defendant failed to cooperate in the settlement of the Astaphan suit. (Am. Compl. ¶ 67, DE 12.) As part of its declaratory relief claim, Plaintiff alleges that Defendant failed to initiate settlement discussions and/or refused to accept reasonable settlement offers to resolve the Astaphan suit before trial. (Am. Compl. ¶ 85(a).)

Section II of the policy states:

> A. The company shall the right, but not the duty, to assume charge of the investigation, settlement or defense of any claim made, suit brought, or proceeding instituted against any insured upon exhaustion of the applicable underlying limits. If the company has exercised such right, it will not investigate, settle or defense any claim or proceeding after it has exhausted the applicable Limit of Insurance of this policy as stated in Item 4 of the Declarations. If the company does not exercise such right, or if the applicable underlying limits are not exhausted, the company will have the right, and will be given the opportunity, to associate effectively with the insured or any underlying insured, or both, in the investigation, settlement or defense of any claim, suit or proceeding that is likely to involve this policy. In such event,

the insured, the underlying insurer and the company shall cooperate in the investigation, settlement or defense of such claim, suit or proceeding.

Defendant moves for summary judgment on Plaintiff's breach of contract claim, contending that there is no duty to settle under the Policy. Defendant argues that the mutual cooperation clause of the Policy does not include a duty to settle and that, as a matter of law, the duty to defend does not include a duty to settle. Lastly, Defendant asserts that Plaintiff's breach of contract claim is subsumed within Plaintiff's bad faith claim.

Plaintiff responds that the cooperation clause requires Defendant to make and accept reasonable settlement offers within policy limits, which it did not do. Second, Plaintiff claims Defendant breached its duty to defend when it failed to make and accept reasonable settlement offers. Finally, Plaintiff states that a breach of contract claim is distinct from a bad faith action.

II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant  is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this

burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

III. Discussion

In a diversity action, Florida law governs the analysis and interpretation of an insurance contract. Residences at Ocean Grande, Inc. v. Allianz Glob. Risks U.S. Ins. Co., No. 07-22656-CIV, 2009 WL 7020044, at *11 (S.D. Fla. Sept. 9, 2009), aff'd, 379 F. App'x 879 (11th Cir. 2010) (citing Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir.1990)). Interpretation of an insurance contract is a question of law. Gulf Tampa Drydock Co. v. Great

Atlantic Ins. Co., 757 F.2d 1172, 1174 (11th Cir.1985) (citing Smith v. State Farm Mutual

Automobile Insurance Co., 231 So. 2d 193, 194 (Fla. 1970)). In Florida, insurance policies are

construed "in accordance with the plain language." Chandler v. Geico Indemn. Co., 78 So. 3d

1293, 1300 (Fla. 2011) (quoting Auto–Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla.

2000)).

Plaintiff's breach of contract claim relies on the "cooperation clause" of the insurance

policy which provides in part:

> If the company does not exercise such right, or if the applicable underlying limits are
> not exhausted, the company will have the right, and will be given the opportunity, to
> associate effectively with the insured or any underlying insured, or both, in the
> investigation, settlement or defense of any claim, suit or proceeding that is likely to
> involve this policy. *In such event, the insured, the underlying insurer and the
> company shall cooperate in the investigation, settlement or defense of such claim,
> suit or proceeding.*

(Section II, Policy) (emphasis added).

According to Plaintiff, Defendant breached this clause of the insurance contract when it

failed to initiate settlement discussions and refused to accept reasonable settlement offers.  In

other words, Plaintiff proposes that the term "cooperate" means Defendant must make and accept

settlement offers within policy limits.  The Court disagrees.

Typically, a cooperation clause is a "policy provision requiring the insured assist the

insurer in investigating and defending a claim."  Blacks Law Dictionary (11th ed. 2019); see also

American Fire & Casualty Co. v. Collura, 163 So. 2d 784, 788 (Fla. Dist. Ct. App. 1964) (the

insured has an obligation to allow the insurer to control the defense and to cooperate with the

insurer).  "The purpose of a cooperation clause is to protect the insurer from collusion between

the insured and injured third parties, while making it possible for the insurer to conduct a proper

investigation of the claim, and determine its own obligations." Cont'l Cas. Co. v. City of Jacksonville, 550 F. Supp. 2d 1312, 1339 (M.D. Fla. 2007), aff'd, 283 F. App'x 686 (11th Cir. 2008).

Specifically, the cooperation clause imposes a mutual duty among AWAC, Ranger and the underlying insurers in the investigation, settlement or defense of the claim, suit or proceeding. There is no provision in the Policy which mandates that Defendant initiate settlement negotiations or accept settlement offers. Nor does the plain meaning of "cooperation" mandate payment of the policy limits or require initiation of settlement negotiations. See Oxford English Dictionary, https://www.oed.com/view/Entry/41037?redirectedFrom=cooperation#eid (last visited June 6, 2019) (working together towards the same end, purpose, or effect; joint operation); Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/cooperation?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last visited June 6, 2019) (common effort).

Next, the Court rejects Plaintiff's assertion that the duty to defend includes a duty to settle the claims brought against Plaintiff. "In Florida, 'the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the actual facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses.'" Composite Structures, Inc. v. Cont'l Ins. Co., 560 F. App'x 861, 864 (11th Cir. 2014) (citing Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc., 771 So. 2d 579, 580–81 (Fla. Dist. Ct. App. 2000)). To satisfy its obligation, an insurer must provide an "adequate defense" and appoint "competent and qualified" counsel. Kapral v. GEICO Indem. Co., 723 F. App'x 768, 770 (11th Cir. 2018). Clearly, by taking the case to trial, Defendant

satisfied its duty to defend Plaintiff.

In any event, Plaintiff's claim regarding the failure to settle requires an inquiry into the totality of circumstances including, among other things, any settlement discussions and the actions of the primary and other excess insurance carriers.  This differs significantly from a breach of contract claim which can only be brought when it "can be determined objectively from the insurance contract itself without inquiry into whether the insurer acted in good faith or bad faith."[2]  Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n, 483 So. 2d 513, 516 (Fla. Dist. Ct. App. 1986).

For example, in Jimenez v. GEICO, the court considered a breach of contract claim where the policy stated that GEICO "will pay damages" and "will defend any suit" and "may settle any claim or suit." Jimenez v. Gov't Employees Ins. Co., No. 6:10-CV-640-ORL-37, 2014 WL 5810466, at *3 (M.D. Fla. Nov. 7, 2014).  The court held that there was no contractual duty to settle a claim.  Id.  Here, the language merely requires a cooperation among the parties towards the same goal.

If anything, the failure to settle by Defendant is a bad faith claim.  As explained by the Florida Supreme Court, the insurer has a good faith duty to "advise the insured of settlement

_____

[2] For this reason, the Court rejects Plaintiff's reliance on Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co., 331 F. App'x 640 (11th Cir. 2009).  There, the Eleventh Circuit concluded that, under certain circumstances, the duty to defend may extend to a claim for a wrongful duty to settle.  In Ernie Haire, the insurer provided a defense to the insured, under a reservation of rights. Id. at 643.  The insurer believed that the policy at issue provided a coverage of limit of $500,000.00 and offered to settle at that policy limit. Id. at 643-44.  The case eventually settled for over $1.1 million. Id. at 644.  The Eleventh Circuit found that the insured could establish a valid claim for breach of a contractual duty to defend based on the insured's refusal to settle for an amount greater than $500,000.00.  Id.  Unlike here, Ernie Haire did not address whether the insurer's settlement offers reflected a reasonable valuation of the claim.

opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same." <u>Boston Old Colony Ins. Co. v. Gutierrez</u>, 386 So. 2d 783, 785 (Fla. 1980); <u>see also</u> <u>Powell v. Prudential Prop. & Cas. Ins. Co.</u>, 584 So. 2d 12, 14 (Fla. Dist. Ct. App. 1991) ("Where liability is clear, and injuries so serious that a judgment in excess of the policy limits is likely, an insurer has an affirmative duty to initiate settlement negotiations."); Fla. Std. Jury Inst. 404.4 ("Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward [its insured] and with due regard for [its] interests").  Given that the breach of contract claim is essentially a bad faith claim, summary judgment on the breach of contract claim is appropriate.

For the foregoing reasons, the Court grants Defendant's motion for summary judgment on the breach of contract claim.

<u>IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment (DE 241) is **GRANTED IN PART AND RESERVED IN PART.**

2) The case is **REMOVED** from the August 5, 2019 trial period and the August 2, 2019 calendar call is **CANCELLED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of June, 2019.

_____
KENNETH A. MARRA
United States District Judge

8

9