IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| RANGER CONSTRUCTION INDUSTRIES, INC., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ALLIED WORLD NATIONAL ASSURANCE )<br>COMPANY, )<br>)<br>      Defendant. )<br>_____) | Case No. 9:17-cv-81226-KAM |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE
DECEMBER 20, 2019 JUDGMENT UNDER RULE 59(E)**

Plaintiff Ranger Constructions Industries, Inc. ("Ranger") moves this Court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its December 20, 2019 judgment, Dkt. No. 270, to clarify that Count III of the amended complaint (the bad-faith claim) remains undecided on the merits, having been held in abatement pursuant to this Court's April 20, 2018 order, Dkt. No. 54.  Because not all of Ranger's claims have been resolved, this Court should alter or amend its December 20 judgment to clarify that the case remains open and that Ranger may still recover from Defendant under its bad-faith claim.[1]

---

[1] In Count III, Ranger asserts that Defendant Allied World National Assurance Company violated its duties of good faith to its insured, Ranger, including by failing to settle the underlying wrongful death action against Ranger when, under the circumstances, Allied World National Assurance Company should have done so, had it acted fairly and honestly toward Ranger and with due regard for Ranger's interests. *See* Count III, Dkt. 12. As a result of Defendant's conduct, an excess judgment was entered against Ranger in the underlying case—a judgment composed of $20 million in compensatory damages which Allied World National Assurance Company admits is covered, and $25 million in vicarious punitive damages, which the Court recently ruled are not covered by insurance. *See* Dkt. 269; *see also* Dkt. 12-7. Thus, because of Defendant's conduct, Ranger has suffered an excess verdict of $25 million in uncovered damages, as well as other damages. Count III, Dkt. 12. *See Perera v. U.S. Fid. & Guar. Co.,* 35 So. 3d 893, 899 (Fla. 2010) ("Under Florida law, it is clear that an insured or a

**MEMORANDUM OF LAW**

More than a year-and-a-half ago, this Court ordered Count III of Ranger's amended complaint held in abatement.[2] *See* Dkt. No. 54, at 4, 6. Today, Count III remains undecided—no order has ever been entered granting or denying relief on Ranger's bad-faith claim. As a result, Count III remains an unresolved (i.e., non-final) claim in this lawsuit. *See Milinazzo v. Singh*, 2008 WL 11408618, at *2 (S.D. Fla. Mar. 6, 2008) (noting that an abated bad-faith claim prevents a judgment from being an appealable final order).

Notwithstanding the continued abatement of Ranger's bad-faith claim, this Court issued a judgment on December 20, 2019, stating that "[b]ased on the separately entered Orders granting Defendant summary judgment, Judgment is hereby entered on behalf of Defendant Allied World National Assurance Company and against Plaintiff Ranger Construction Industries, Inc., *and Plaintiff shall take nothing from Defendant in this action*." Dkt. No. 270, at 1 (emphasis added). Additionally, the Court "directed" the Clerk "to CLOSE the case and all pending motions are DENIED AS MOOT." *Id.* The Court, however, did not explain how it had accounted for the continued abatement of Count III before issuing its judgment.

The Court's December 20 judgment appears to be premised on a mistake: that resolving the then-pending motion for summary judgment on Count II of the amended complaint in favor of Defendant would bring this case to a close. *See* Dkt. No. 270 ("The Clerk is directed to CLOSE the case and all pending motions are DENIED AS MOOT."). Although Ranger fully

---

third-party claimant may bring a third-party bad-faith cause of action when an insurer has breached its duty of good faith and that breach results in an excess judgment being entered against its insured.").

[2] This Court ordered the bad-faith claim abated because, in its view, litigating the bad-faith claim was "premature until the [state] appellate process on the claim giving rise to a bad faith action is completed." Dkt. No. 54, at 3. The state appellate process is still ongoing, and it is unknown when the process will conclude.

recognizes that Count I and Count II have been decided on the merits, this Court has not resolved Ranger's bad-faith claim (Count III).  *See* Dkt. No. 54, at 3-4, 6.  Given the existence of the bad-faith claim, this Court erred in ordering the case closed, and it is plainly premature for this Court to decide that "Plaintiff shall take nothing from Defendant in this action."  Dkt. No. 270, at 1.

This Court should act expeditiously to correct the mistaken entry of a judgment that purports to finally conclude this case on the merits before all of Ranger's claims have been resolved.  Left uncorrected, the record will appear as though this Court has *sua sponte* prejudged one of Ranger's claims without ever having received briefing on the merits.  Moreover, if the Court declines to amend the December 20 judgment, this case will almost certainly be remanded to this Court for lack of appellate jurisdiction when Ranger appeals the judgment.[3]  *E.g.*, *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, No. 18-938, 2020 WL 201023, at *2 (U.S., Jan. 14, 2020) ("A 'final decision' within the meaning of [28 U.S.C. § 1291] is normally limited to an order that *resolves the entire* case.") (emphasis added); *accord Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (same).

In short, courts have the authority under Rule 59(e) "to alter or amend a judgment" when "there is newly-discovered evidence or manifest errors of law or fact."  *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018).  Here, the Court's failure to recognize that Ranger's bad-faith claim remains pending in light of the April 2018 order abating the claim is a manifest error that warrants correction under Rule 59(e).

---

[3] Consistent with Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), the time for filing a notice of appeal of the December 20 judgment does not begin to run until after this Court decides the Rule 59(e) motion.  *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) ("A timely filed Rule 59(e) motion to alter or amend a judgment (among other motions) tolls the time limit in which to appeal.").

## CERTIFICATE OF GOOD FAITH CONFERRAL UNDER RULE 7.1(3)

Pursuant to Local Rule 7.1(3), counsel for Plaintiff certifies that counsel conferred with counsel for Defendant by e-mail on January 16, 2020 and twice by telephone on January 17, 2020. Defendant's counsel has advised that Defendant opposes the relief sought herein.

Dated:   January 17, 2020

HUNTON ANDREWS KURTH LLP

 */s/ Walter J. Andrews*
Walter J. Andrews (Fla. Bar No. 84863)
Andrea L. DeField (Fla. Bar No. 92344)
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Tel:  (305) 810-6407
wandrews@huntonAK.com
adefield@huntonAK.com

*Attorneys for Ranger Construction Industries, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 17, 2020 a true and correct copy of PLAINTIFF'S MOTION TO ALTER OR AMEND THE DECEMBER 20, 2019 JUDGMENT UNDER RULE 59(E) was electronically filed using CM/ECF.

          */s/ Walter J. Andrews*
          HUNTON ANDREWS KURTH LLP